UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FORWARD AIR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-00039-AGF |
| ) | |
| SERPRO, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

The complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the matter in controversy exceeds the sum of $75,000. The complaint alleges that Plaintiff Forward Air, Inc. is a "limited liability company duly organized and existing by virtue of law with its principal place of business in the state of Tennessee," and Defendant SERPRO, Inc. is a "limited liability company doing business in St. Louis

County, State of Missouri, with its principal place of business in this judicial district."[1] (Doc. No. 1 at 1.)

Plaintiff apparently assumes that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). That is incorrect. Rather, a limited liability company is a citizen of every state of which any member is a citizen. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, in order to determine whether complete diversity of citizenship exists in this case, the Court must examine the citizenship of each member of both Plaintiff and Defendant. The complaint contains no allegations concerning the members of either Plaintiff or Defendant, or their citizenship.

The Court will grant Plaintiff seven (7) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If Plaintiff fails to timely and fully comply with this Order, the Court may dismiss this matter without prejudice for lack of subject matter jurisdiction.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that by **February 3, 2015**, Plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each party. If

---

[1] Although the case caption lists the parties' names with the designation "Inc.," the body of the complaint alleges that the parties are both limited liability companies. If the parties are in fact corporations, rather than limited liability companies, Plaintiff should correct this allegation in its amended complaint.

2

Plaintiff fails to timely and fully comply with this Order, this matter may be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that, in light of the Court's order requiring Plaintiff to file an amended complaint, Defendant's motion for an extension of time to file an answer to the complaint is **DENIED as moot**. (Doc. No. 5.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2015.